# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>EUGENE ELMORE,<br><br>　　　　　　　　　Alleged Debtor. | Miscellaneous Proceeding No. 16-90003-DD |
| In re,<br><br>RONALD ALLEN WRIGHT,<br><br>　　　　　　　　　Alleged Debtor. | Miscellaneous Proceeding No. 16-90004-DD<br><br>**ORDER** |

These proceedings[1] are before the Court to consider the following:

1. The eligibility of RONALD ALLEN WRIGHT and EUGENE ELMORE to be debtors under 11 U.S.C. §§101(13) and 109 and other applicable law;

2. The standing of Ronald Allen Wright and Eugene Elmore as creditors, the extent of liability on their claims, and the bona fides of any disputes as to liability affecting their eligibility to serve as petitioning creditors; and

3. The purpose of the bankruptcy filings, and whether there is a proper bankruptcy purpose.

A hearing was held to consider these issues on August 11, 2016. Both Ronald Allen Wright and Eugene Elmore, as well as the United States trustee, appeared at the hearing. At the conclusion of the hearing, the Court took the matter under advisement and now issues this Order.

---

[1] The miscellaneous proceedings of RONALD ALLEN WRIGHT and EUGENE ELMORE were opened as separate proceedings; however, the proceedings were initiated at the same time, and the documents filed, and the issues raised by those documents, are identical. As a result, the Court is addressing both proceedings in this single Order.

## BACKGROUND AND PROCEDURAL HISTORY

1.      These miscellaneous proceedings were opened on July 11, 2016 following the filing of an Official Form 105, Involuntary Petition Against an Individual[2] by both Ronald Allen Wright and Eugene Elmore.   The involuntary petitions request relief under chapter 7 against debtors identified as RONALD ALLEN WRIGHT and EUGENE ELMORE.   The petitions are signed by Ronald Wright and Eugene Elmore.

2.      In response to question 9 on the involuntary petitions, which asks, "Do you know of any bankruptcy cases pending by or against any partner, spouse, or affiliate of this debtor?", Mr. Wright and Mr. Elmore checked the "Yes" box.   They list the debtor in the related case as "U.S. Corporation" and the relationship to the debtor as "franchise".

3.      In the box for petitioner's claims against the debtor, Mr. Wright and Mr. Elmore listed the nature of their claims against the petitioner as "lien" and listed the amount of the claims as $999,999,999.00.   No other petitioners joined in the requests for relief.   However, both Mr. Wright's and Mr. Elmore's petitions contain an attachment entitled "Creditors for Involuntary Chapter 7" which lists additional names and addresses of putative creditors.[3]

4.      Both petitions include an attachment entitled "Written Order to Trustee", which states:[4]

---

[2] Subsequently, both Mr. Wright and Mr. Elmore submitted correspondence to the Court indicating that they believed they had utilized the incorrect form, and that instead they should have filed an Official Form 205, for an involuntary chapter 7 against a non-individual, or instead should have filed a chapter 11 case.   For purposes of the issues addressed in this Order, the form used, and the chapter in which Mr. Wright and Mr. Elmore seek relief against RONALD ALLEN WRIGHT and EUGENE ELMORE, are immaterial.

[3] Mr. Wright's petition listed the following entities on his "Creditors for Involuntary Chapter 7" list: South Carolina Department of Revenue, Internal Revenue Service Center, Sierra Auto Finance, and FedLoan Services.   Mr. Elmore's petition listed the following entities on his "Creditors for Involuntary Chapter 7" list: Deutsche Bank National Trust, Bayer Heritage Federal Credit Union, Wells Fargo Home Mortgage, FedLoan Services, Brock and Scott PLLC, Ally Auto, and South Carolina Department of Revenue.

[4] Mr. Wright's Written Order to Trustee differs slightly from Mr. Elmore's Written Order to Trustee.   Mr. Wright's "order" is quoted.   Mr. Elmore's "order" includes an additional sentence: "Also the return of any real property that was taken or sold by the making of false claims."   There are a few other differences that are not relevant to the Court's ruling.

As Petitioner, the intent of this Chapter 7-Involuntary Bankruptcy is to settle all valid claims the debtor [sic] including but not limited to liquidating all assets, securities bonds and the like held in trust by the Debtor.  After a settlement of all valid claims, the remaining balance should be distributed to me in silver, at which time we will discuss any conversions that will be needed in order for me to operate in commerce.  (see attached non-ucc filing)

Note:
This case will also be cc'd to the secret service as a part of my notification that I wish to liquidate the civilly dead entity, which has only been a liability to me. This will also insure whether or not that there has been any false claims by anyone or entity against the debtor.

There are UCC Financing Statements attached to the Written Orders to Trustee which list the debtors' names as "RONALD ALLEN WRIGHT (U.S. Bankrupt Citizenship Organization) and "EUGENE ELMORE (U.S. Bankrupt Citizenship Organization)" and the secured parties as "Ronald Allen Wright (American Private International Organization)" and "Eugene Elmore (American Private International Organization)".  The collateral is described as:

DEBTOR is the holder of assests [sic] in trust

All property real and intellectual held by the FOREIGN SITUS TRUST dba Ronald Allen Wright created by SOUTH CAROLINA DEPARTMENT OF HEALTH file number XXX-XX-XX2766[5] and RONALD ALLEN WRIGHT an ESTATE operated by agencies of the United Nations dba UN is the real and intellectual property of the SECURED PARTY symbolized as ronald-allen:wright representing the living man described as Ronald Allen of the House of Wright known as Ronald Allen-heir and beneficiary and equitable title holder.

All natural born children and all other creations such as marriage license, identification cards, voter registration, including all contracts known and unknown are all properties of the SECURED PARTY Ronald Allen Wright.

All variations of the DEBTOR name with all similarly styled names regardless of punctuation are the property of the living man represented symbolically as ronald-allen:wright as Ronald Allen of the House of Wright.[6]

---

[5] The number listed has been redacted.
[6] The collateral description in the UCC filing attached to Mr. Elmore's petition is identical, except that it contains Mr. Elmore's name in place of Mr. Wright's, contains EUGENE ELMORE in place of RONALD ALLEN WRIGHT, and contains a different file number for the SOUTH CAROLINA DEPARTMENT OF HEALTH file number.

5.      Notices of Lien are also attached to the petitions, which state:

> This is a notice of a lien by Ronald Allen Wright, who is a Private American International Organization, holder in due course, with a superior claim against RONALD ALLEN WRIGHT which is a United States Bankruptcy Citizenship Organization.
> The lien amount against RONALD ALLEN WRIGHT of 121 Honey Tree Road, Columbia, South Carolina 29209 is $999,999,999,999.00.[7]

The Notices of Lien are signed by Mr. Wright and Mr. Elmore, notarized, and contain two witness

signatures.  The final attachment to the petitions are pages with citations to authority as follows:

> The Legislative Act of February 21, 1871, Forty-first Congress, Session III, Chapter 62, page 419, Congress chartered a Federal Company entitled "United States," a/k/a "US Inc.," a "Commercial Agency" originally designated as "Washington, D.C.," in accordance with the 14th Amendment which the record indicates was never ratified (*see* Utah Supreme Court Cases, Dyett v. Turner, (1968) 439 P2d 266, 267; State v Phillips, (1975) 540 P 2d 936; as well as Coleman v. Miller, 307 U.S. 448, 59 S. Ct. 972; 28 Tulane Law Review, 22; 11 South Carolina Law Quarterly 484; *Congressional Record* , June 13, 1967, pp. 15641-15646).  A "citizen of the United States" is a civilly dead entity operating as a co-trustee and co-beneficiary of the PCT, the private constructive, *cestui que* trust of US Inc. under the 14th Amendment, which upholds the debt of the USA and US Inc. in Section 4.

6.      On July 14, 2016, the Court entered an order setting a hearing in these

miscellaneous proceedings to establish the eligibility of RONALD ALLEN WRIGHT and

EUGENE ELMORE to be debtors under the Bankruptcy Code and the standing of Ronald Allen

Wright and Eugene Elmore as creditors, as well as to consider whether the documents submitted

in these miscellaneous proceedings were sufficient to commence involuntary bankruptcy cases

against RONALD ALLEN WRIGHT and EUGENE ELMORE.

---

[7] Again, the Notices are nearly identical.  The names on Mr. Elmore's Notice are changed to Eugene Elmore and EUGENE ELMORE, and the address of EUGENE ELMORE is listed as 162 Red Cypress Drive, Goose Creek, South Carolina 29445.

7.     The United States trustee filed responses to the Court's order on August 3, 2016. The UST requests that the miscellaneous proceedings be dismissed because RONALD ALLEN WRIGHT and EUGENE ELMORE are not eligible to be debtors and because Mr. Wright and Mr. Elmore are not creditors. The UST also asserts that the bankruptcy petitions were filed for an improper purpose.

8.     On August 8, 2016, Mr. Wright and Mr. Elmore filed requests to seal the court record, asserting the court records contain "government trade secrets" that, "if exposed to public view and viewing by non-parties will amount to a threat to the National Security of the United States Federal Government," memoranda titled "Memorandum of Understanding My Position for Filing Involuntary Petition Against a Non Individual", and objections to the UST's request for dismissal of the miscellaneous proceedings.

9.     A hearing was held on August 11, 2016. Mr. Wright testified at the hearing, and was cross-examined by the UST. Mr. Elmore did not testify but indicated that he adopted the statements and testimony of Mr. Wright and also wished to rely on his pleadings.

10.     Although Mr. Wright's and Mr. Elmore's arguments in favor of relief are somewhat similar to the arguments typically made by "sovereign citizens" or "redemptionists", Mr. Wright testified that he is not a "sovereign citizen"[8] or a "redemptionist."[9] He stated that it is impossible

---

[8] "The basic premise of the various groups often identified as sovereign citizens involves an individual's denouncement of United States citizenship and self-declaration of created citizenship based on various theories." *Presley v. Prodan*, C/A No. 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013).

[9] A redemptionist theory is described as follows:

"Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993 [sic], and instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name, or, in the case of prisoners, to keep him in custody.

to be a sovereign citizen because a person cannot simultaneously be a "master [sovereign]" and a "slave [citizen]".

11.     Mr. Wright testified that he is the authorized representative for RONALD ALLEN WRIGHT and that he was appearing at the hearing in that capacity. Mr. Wright testified that no one else is authorized to act on behalf of RONALD ALLEN WRIGHT unless Mr. Wright grants them a power of attorney.

12.     Mr. Wright testified that he did not submit himself as a natural person to the jurisdiction of the Bankruptcy Court but was submitting RONALD ALLEN WRIGHT, the civil entity, to the Bankruptcy Court's jurisdiction.

## CONCLUSIONS

### i.     Eligibility to be a debtor

Ronald Allen Wright and Eugene Elmore[10] argue that RONALD ALLEN WRIGHT and EUGENE ELMORE are "civil dead entities" which are separate and distinct from them as individuals, or "natural persons".  In support of this theory, Mr. Wright submitted as an exhibit a copy of his South Carolina birth certificate which has his legal name, as well as the rest of the text,[11] in capital letters.  Mr. Wright and Mr. Elmore seek chapter 7 bankruptcy relief against RONALD ALLEN WRIGHT and EUGENE ELMORE.

Section 303 of the Bankruptcy Code provides, "An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, . . . that may be a debtor under the chapter under which such case is commenced."  Section 101(41) provides that the term

---

*Nunez v. Depository Trust Corp.*, C/A No. 4:13-244-TMC, 2013 WL 5409219, at *3 (D.S.C. Sept. 25, 2013) (quoting *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008)).

[10] At the hearing, Mr. Elmore relied on his pleadings, and additionally adopted the testimony and arguments of Mr. Wright as his own.  Thus, throughout this Order, the Court discusses the testimony of Mr. Wright; however, the theories and arguments discussed, and the Court's findings and conclusions with respect thereto, apply to Mr. Elmore as well.

[11] Including the location of his birth, his mother's name, the date, and the headings.

"person" includes individuals, partnerships, and corporations, but, subject to certain exceptions, not governmental units. Section 109(b) lists certain entities that are not eligible to be a debtor, none of which are applicable here. Thus, the Court must determine whether RONALD ALLEN WRIGHT and EUGENE ELMORE are "persons" under the Bankruptcy Code, such that involuntary bankruptcy cases may be commenced against them.

Mr. Wright describes RONALD ALLEN WRIGHT and EUGENE ELMORE as fictitious, "civil dead entities". In their memoranda of understanding, Mr. Wright and Mr. Elmore each refer to RONALD ALLEN WRIGHT and EUGENE ELMORE, respectively, as a "legal fiction/entity that is being used by THE UNITED STATES OF AMERICA, INC. which is a new union THE UNITED STATES, INC created in 1872." Such an "entity" does not meet the definition of a "person" under the Bankruptcy Code.

First, the Court notes that Mr. Wright and Mr. Elmore describe RONALD ALLEN WRIGHT and EUGENE ELMORE as fictitious entities or "legal fictions". As a result, they do not argue that RONALD ALLEN WRIGHT and EUGENE ELMORE are flesh and blood individuals. Nor are they partnerships or corporations. "Partnership" is not defined in the Bankruptcy Code, but is defined by Black's Law Dictionary as "a voluntary association of two or more persons who jointly own and carry on a business for profit." Black's Law Dictionary, pg. 1295 (10th ed. 2014). Based on Mr. Wright's and Mr. Elmore's explanation of the purpose and actions of RONALD ALLEN WRIGHT and EUGENE ELMORE, the entities do not meet this definition.

"Corporation" is defined by the Bankruptcy Code as:

    (i)     association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

    (ii)    partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

(iii)   joint-stock company;
(iv)   unincorporated company or association; or
(v)   business trust; but
(vi)   does not include limited partnership.

11 U.S.C. § 101(9). RONALD ALLEN WRIGHT and EUGENE ELMORE are not joint-stock

companies under subsection (iii), nor are they partnership associations under subsection (ii),

business trusts,[12] unincorporated companies or associations,[13] or associations having a power or

privilege that a private corporation, but not an individual or partnership, possesses.[14]   The

bankruptcy definition of "person" is not exhausted with individuals, partnerships, or corporations,

but there is no authority that it includes "civil dead entities." In sum, RONALD ALLEN WRIGHT

and EUGENE ELMORE do not meet the definition of "persons" under section 101(41), and

therefore, no involuntary petitions under section 303 can be commenced against them.

### ii.   Eligibility to be a creditor

Mr. Wright testified that there are documents,[15] to which his signature as a natural person

are affixed, that create a debtor-creditor relationship between him as a natural person and

RONALD ALLEN WRIGHT as an entity.  Mr. Wright explained his theory as follows:

> Whenever a bank loans money . . . it does not decrease the value in . . . the reserve.
> It actually increases.  So in other words, just to use an example.  If you had $100,000
> and you loaned me $10,000, that should reflect on your spreadsheet that your

---

[12] *See Brady v. Schilling (In re Kenneth Allen Knight Trust)*, 121 F.3d 708, at *4 (6th Cir. 1997) ("[T]rusts created with the primary purpose of transacting business or carrying on commercial activity for the benefit of investors qualify as business trusts, while trusts designed merely to preserve the trust res for beneficiaries generally are not business trusts.") (citations omitted); *Shawmut Bank Connecticut v. First Fidelity Bank (In re Secured Equip. Trust of E. Air Lines, Inc.)*, 38 F.3d 86, 89 (2d Cir. 1994) ("[M]ost courts agree that a basic distinction between a business trust and other trusts is that business trusts are created for the purpose of carrying on some kind of business, whereas the purpose of a non-business trust is to protect and preserve the res. . . . [A] trust must engage in business-like activities to qualify as a business trust.").

[13] *See In re Midwest Athletic Club*, 161 F.2d 1005, 1008 (7th Cir. 1947) (citing definitions of "company" and "association" and stating that both contemplate "joint action as a group").

[14] An "association" is defined as "a gathering of people for a common purpose; the persons so joined," or, "an unincorporated organization that is not a legal entity separate from the persons who compose it." Black's Law Dictionary, pg. 148 (10th ed. 2014).  RONALD ALLEN WRIGHT and EUGENE ELMORE are not a group of people or an organization and therefore do not meet this definition.

[15] Mr. Wright did not have the documents with him at the hearing, because he stated that he did not know he would need them.

amount that you initially had before you gave me has decreased to $90,000 because you lent me $10,000. Not the other way around, where you lend me "$10,000" and you just increase by ten times that amount. What happens, my signature gave you the authority because, human, it's called human capital. . . .

The simplest way to explain it to you – in a debt society, there's two sides of the ledger. Whenever you create debt, you just –when you put your signature to it, you just create the credits to zero it out. But you're left under the illusion that you have to pay this back. So now you're stuck with a financial obligation, unaware that your signature really zeroed it out. And so now you're being distorted to pay principal and interest on something that really came from you. . . .

The civil entity has been accumulating credits, assets that you are unaware that are there, and on top of that, is, you're the one been paying all the bills for that entity, not knowing that what had already been done when your parents first of all signed the papers for the birth certificate it was a full disclosure to them what was really going on because you were putting into a "modern day slave system." . . .

Mr. Wright testified that based on this theory, the civil dead entity RONALD ALLEN WRIGHT

owes him for all expenses he has incurred to maintain himself over the years – in addition to loans

such as car loans, mortgages, or personal loans, this also includes utility bills, clothing, and food

he purchased for his natural person.

The Bankruptcy Code defines a "creditor" as:

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;
(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h), or 502(i) of this title; or
(C) entity that has a community claim.

11 U.S.C. §101(10). The Bankruptcy Code defines a "claim" as:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

Mr. Wright and Mr. Elmore have not established that they meet any of these definitions, because they have not established that they have any "claim" against RONALD ALLEN WRIGHT and EUGENE ELMORE.  While Mr. Wright explained Mr. Wright's and Mr. Elmore's theory to the Court, he did not present any evidence to support his contention that Mr. Wright or Mr. Elmore, as natural persons, have a right to payment or an equitable remedy from breach of performance from RONALD ALLEN WRIGHT or EUGENE ELMORE, the "civil dead entities". Mr. Wright testified that documents exist that prove that a debtor-creditor relationship exists, but he stated he did not have the documents with him, and therefore did not present them to the Court at the hearing. Further, courts have consistently rejected arguments very similar to those presented by Mr. Wright and Mr. Elmore.  *See Gaskins v. South Carolina*, C/A No. 2:15-cv-2589 DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) (stating that courts have repeatedly rejected sovereign citizens' contentions that they are not subject to the laws and jurisdiction of the United States or South Carolina); *Nunez v. Depository Trust Corp.*, C/A No. 4:13-244-TMC, 2013 WL 5409219, at *3 (D.S.C. Sept. 25, 2013) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources."); *Hayes v. South Carolina Fed. Credit Union (In re Hayes)*, Case No. 11-04722-JW, Adv. No. 11-80131-JW, 2011 WL 4566378, at *3 (Bankr. D.S.C. Sept. 22, 2011) (calling redemptionist and sovereign citizen theories "frivolous legal theories that have been consistently rejected by federal courts").  Despite Mr. Wright's assertion that he is aware of a case in Florida in which an individual was successful in accomplishing what Mr. Wright and Mr. Elmore are attempting to accomplish in this case, Mr. Wright did not have the name of that individual, or the case number, and the Court is aware of no case where such arguments have been accepted.  Based

on the information presently before the Court, Mr. Wright and Mr. Elmore are not creditors of

RONALD ALLEN WRIGHT and EUGENE ELMORE.

### iii.    Purpose of bankruptcy filing

The stated purpose of Mr. Wright's and Mr. Elmore's petitions against RONALD ALLEN

WRIGHT and EUGENE ELMORE is to have a chapter 7 trustee liquidate secret, restricted

accounts held by the U.S. Bankruptcy Citizenship Organization in which credits and assets have

accumulated.  Mr. Wright and Mr. Elmore argue that they are entitled to that property but cannot

currently access the accounts.  Mr. Wright stated that if a chapter 7 trustee attempted to access the

account:

> What would happen is, there would not be any actual trustee, because at that point,
> the Secret Service and the U.S. Marshals would get involved.  Because, see, what
> they're gonna do, the Secret Service has a database, and they know every account
> that's located under that social security number, and they would do their
> investigation to see if there's been any false claims, or against that entity, they
> would do the work.

Mr. Wright stated that he is likely the only person that would get paid in the bankruptcy, because

he is an actual creditor, while the other entities listed on his creditor list "just pretend to be"

creditors.

"The goal or purpose of an involuntary filing should be the equal distribution of assets

among creditors."  *In re Tichy Elec. Co., Inc.*, 332 B.R. 364, 372 (Bankr. N.D. Iowa 2005) (citing

*In re Smith*, 243 B.R. 169, 174 (Bankr. N.D. Ga. 1999)); *see also In re Meltzer*, 516 B.R. 504, 514

(Bankr. N.D. Ill. 2014) ("The purpose of an involuntary bankruptcy case is 'to protect [against]

the threatened depletion of assets or to prevent the unequal treatment of similarly situated

creditors.'") (quoting *In re Letourneau*, 422 B.R. 132, 138 (Bankr. N.D. Ill. 2010)); *In re E.S.

Prof'l Servs., Inc.*, 335 B.R. 221, 225 (Bankr. S.D. Fla. 2005) (same statement as *Tichy*).  Here,

Mr. Wright's and Mr. Elmore's pleadings and Mr. Wright's testimony show that the purpose of

Case 16-90004-dd    Doc 15    Filed 08/25/16    Entered 08/25/16 15:33:37    Desc Main
Document       Page 12 of 13

the involuntary bankruptcies against RONALD ALLEN WRIGHT and EUGENE ELMORE are to liquidate the "civilly dead entities" so that Mr. Wright and Mr. Elmore may receive the assets being held in the secret, restricted accounts set up for RONALD ALLEN WRIGHT and EUGENE ELMORE.  First, and importantly, there is no evidence that these secret accounts actually exist, or that an involuntary bankruptcy has ever uncovered such accounts.   Further, although other creditors were listed in connection with Mr. Wright's and Mr. Elmore's petitions, Mr. Wright has indicated that he believes that Mr. Elmore and he are likely the only parties to get paid in the event of a liquidation, and that in any event, they will have priority over all other creditors.   This is inconsistent with the bankruptcy goal of equal distribution to similarly situated creditors.   Finally, Mr. Wright envisions case administration that is inconsistent with the Bankruptcy Code. The involuntary petitions filed by Mr. Wright and Mr. Elmore were not filed for a proper bankruptcy purpose.

Finally, with respect to Mr. Wright's and Mr. Elmore's motions to seal the court records, there is no basis under 11 U.S.C. § 107 and Fed. R. Bankr. P. 9037 to seal the records in these miscellaneous proceedings.   Accordingly, Mr. Wright's and Mr. Elmore's motions to seal are denied.

## <u>CONCLUSION</u>

For the reasons set forth above, RONALD ALLEN WRIGHT and EUGENE ELMORE are not eligible to be debtors under the provisions of the Bankruptcy Code.  Ronald Allen Wright and Eugene Elmore are not creditors of RONALD ALLEN WRIGHT and EUGENE ELMORE.  The involuntary petitions filed by Mr. Wright and Mr. Elmore were not filed for a proper bankruptcy purpose.  For these reasons, the petitions do not commence bankruptcy cases and the miscellaneous proceedings are dismissed.  Mr. Wright's and Mr. Elmore's motions to seal are denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/25/2016**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 08/25/2016